```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

THERESE PATRICIA OKOUMOU,           :

                    Plaintiff,      :   03 Civ. 1606 (LAK)(HBP)

    -against-                       :   MEMORANDUM OPINION
                                        AND ORDER
SAFE HORIZON and CAROL WEINMAN,     :
as Director of the Staten
Island Community Office,            :

                    Defendants.     :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

On November 18, 2004, I issued an Order in this case (Docket Item 40) which disposed of most of the issues raised in plaintiff's motion to compel discovery (Docket Item 34). This Order resolves the sole remaining issue -- an application for sanctions -- raised by plaintiff's motion.

Plaintiff seeks sanctions against defendants, claiming that defendants improperly failed to produce documents as required by the discovery Order I issued on September 17, 2005 (Docket Item 32) (the "September 17 Order"). In support of her motion, plaintiff has produced to the Court approximately 2 1/2 inches of documents that she claims should have been produced pursuant to the September 17, 2005 Order. These documents were discussed at length during a conference in this matter held on November 16, 2004. Some of them are original documents in the

handwriting of defendant Weinman.  When I asked plaintiff at the conference how she got these documents she declined to answer.

My September 17 Order directed defendants to produce three categories of documents:  (1) plaintiff's employment records and the job description for the position of case manager; (2) Ms. Weinman's non-privileged correspondence, including e-mails, concerning plaintiff, and (3) any of plaintiff's written work upon which defendants will rely in support of an argument that plaintiff was terminated for cause (September 17 Order at 6-7).

The documents plaintiff has claimed were improperly withheld fall into eight categories:  (1) internal memos circulated by plaintiff soliciting interest in birthday celebrations for employees; (2) handwritten documents by Ms. Weinman that appear to be notes of meetings between plaintiff and Ms. Weinman concerning plaintiff's performance; (3) minutes of internal meetings taken by plaintiff; (4) monthly and quarterly reports; (5) monthly statistical reports of plaintiff's work; (6) "Community Program Case Notes" which appear to document meetings between plaintiff and clients of defendant Safe Horizon; (7) Statistics of Closed and Opened Cases, reflecting the work of plaintiff and other employees and (8) a bundle of miscellaneous documents that include notes of plaintiff's contacts with Safe Horizon as a client, plaintiff's resume, documents reflecting

2

plaintiff's efforts to organize social events for Safe Horizon employees, a copy of a fictional essay plaintiff prepared for one of her college courses, a telephone number directory, memos from plaintiff requesting days off, etc.

With the exception of the second category of documents, none of the documents plaintiff claims were improperly withheld were within the scope of my September 17 Order. Since sanctions under Fed.R.Civ.P. 37(b) can be awarded only where a court order is violated, Salahuddin v. Harris, 782 F.2d 1127, 1131 (2d Cir. 1986); Israel Aircraft Indus., Ltd. v. Standard Precision, 559 F.2d, 203, 208 (2d Cir. 1977), there is no basis to award sanctions with respect to all categories other than the second category.

With respect to the second category of documents, the record also suggests that sanctions are inappropriate. Plaintiff possesses the originals of these documents, and has refused to explain where she got them. Defendants have submitted an affidavit from their author, Carole Weinman, identifying these documents as her "personal supervision file" and stating that she did not produce them because they were missing from her files when she checked for documents concerning plaintiff (Affidavit of Carole Weinman, sworn to December 14, 2004, at ¶ 10). Plaintiff's unexplained possession of original documents coupled with Ms. Weinman's sworn statement that the documents were missing

3

from her files supports an inference that someone other than defendants removed the documents from Ms. Weinman's files without her knowledge or consent, thereby making it impossible for defendants to produce the documents. Since the evidence indicates that defendants' failure to produce these documents was due to the fact that they had been misappropriated by an unknown person or persons and were not in defendants' possession custody or control, there is no basis for the imposition of sanctions.

To the extent that plaintiff contends that sanctions should be imposed for defendants' failure to produce e-mails, defendants have confirmed that, with the exception of a single e-mail which has now been produced, they have produced all responsive e-mails that can be readily retrieved. Defendants have further advised that there may be responsive e-mails on the archive tapes from a now obsolete e-mail system ("Lotus ccmail") that are no longer readily accessible. Defendants are now in substantial compliance with my September 17 Order, and, again, I conclude that there is no basis for the imposition of sanctions, especially given the absence of any evidence of bad faith on the part of defendants. If plaintiff wants to pursue discovery of the e-mails on the Lotus ccmail system she is free to do so. However, the extent to which those e-mails are discoverable and the allocation of the cost of restoring those e-mails requires further analysis. See generally Zubulake v. UBS Warburg LLC, 217

F.R.D. 309, 318-19 (S.D.N.Y. 2003). If plaintiff wants to pursue dicscovery of the Lotus ccmail system, she should advise my chambers in writing.

Finally, plaintiff seeks reimbursement from defendants for making multiple copies of the documents she claims were not produced by defendants. During the November 16, 2004 conference, I directed plaintiff to produce copies of the documents in dispute to defendants and directed defendants to reimburse plaintiff for the cost of the copies. To the extent plaintiff made additional copies, she did so on her own initiative, without direction or request from me or anyone else. There is no reasons to shift these costs to defendant. Accordingly, defendants' obligation to reimburse plaintiff for copying and binding costs is limited to the cost of reproducing and binding one set of the documents plaintiff claims were not produced.

Accordingly, for all the foregoing reasons, plaintiff's motion for sanctions is denied in all respects, and to the extent plaintiff seeks reimbursement for copying costs, defendants are directed to reimburse plaintiff for the cost of copying and

binding one set of the documents plaintiff claims were not produced by defendant.

Dated:  New York, New York
        September 30, 2005

> SO ORDERED
>
> _____
> HENRY PITMAN
> United States Magistrate Judge

Copies mailed to:

Ms. Therese Patricia Okoumou
Apt. 104
299 St. Marks Place
Staten Island, New York  10301-1828

Jeremy Berman, Esq.
Darryl Gibbs, Esq.
Safe Horizon, Inc.
Legal Department
2 Lafayette Street
New York, New York  10007